## Nahum Fisher & others *vs.* John W. Johnson.

If the jury return a verdict that the complainant is entitled to no damages, under a complaint for flowing land, the respondent is entitled to costs as the prevailing party, although the jury also return as a part of their verdict that the dam shall be left open during a part of the year.

Hoar, J. This was a complaint for flowing lands by means of a mill-dam, in which the complainants prayed for the assessment of their past and future damages, and also that the jury might decide whether the dam of the respondent should be left open for any part of the year, and if any, what part; and should state that decision as a part of their verdict. The verdict of the jury provided that the dam should be left open during the

months of July and August in each year, and declared the complainants entitled to no damages, past or future. The verdict was accepted, and each party moved for costs.

It is provided by Gen. Sts. *c.* 149, § 17, that " if the jury find by their verdict that the complainant is not entitled to recover any damages, and it is allowed and recorded, judgment shall be rendered for the respondent." The only judgment which can be entered for the respondent in such a case is a judgment for costs. By § 32, it is further provided that " the party prevailing in any suit under this chapter shall be entitled to his full costs, unless where it is otherwise expressly provided;" and the complainants argue that they are to be regarded as the prevailing party, because the jury have found that the dam should be left open during a part of the year. But we do not think this a cor rect inference from the language of this section. The complaint can only be brought for the recovery of damages, and the statute does not allow it for the mere purpose of regulating the height of the dam, where no damages are alleged. The provision that the prevailing party shall recover costs was intended to cover the case of complainants' costs, for which no specific provision had been previously made in the chapter; and to cover those cases which might occur of several trials before successive juries upon the same complaint. The fixing the height of the dam, or the part of the year during which it should be maintained, is only an incident to the main subject of the suit. It is not necessarily in issue before the jury, and there is nothing in the statute to put upon the record any plea of the respondent concerning it. There is nothing in the record before us to show that either of these complainants is the prevailing party in regard to it. The time which the jury have decided that this dam should remain open in each year may be less than the respondent was willing to keep it open; or he may never have kept the dam up through so much of the year as the verdict allows. All that appears to us in this case would be consistent with the supposition that the dam had never flowed the lands of any of these complainants at all, or never in such a manner as to occasion any damage; and that the respondent had never contemplated

37 *

keeping it up during any portion of the year when it would be injurious. If the lands of these complainants were affected by the dam, and the reason that no past damages were awarded was that no injury had been yet occasioned, or the injury was compensated by some benefit received, and if the keeping the dam open throughout the year would occasion so much injury that the jury thought it unreasonable, the complainants might have secured their costs by waiting to bring their complaint until the dam had been used in a manner and to an extent which would entitle them to damages. Both the letter and intent of the statute require that there should be a judgment of                              *Costs for the respondent.*

*D. Foster*, for the complainants. A complaint may be maintained for future damages only. And if, in lieu of future damages, the jury determine that the dam shall be left open during a part of the year, this maintains a complaint, which, as in the present case, contains the requisite allegations, and gives redress even more effectually than compensation in damages; and, upon such a verdict, the complainants are entitled to judgment, protecting their lands from flowing during the prohibited portion of the year. *Johnson* v. *Kittredge*, 17 Mass. 76. *Hill* v. *Sayles*, 12 Met. 142. If a complaint is brought immediately after a title is acquired, so that there can be no past damages, and the jury abate the dam, on the ground that the land is too valuable to be flowed at all, is not this a judgment for the complainant? See *Richardson* v. *Curtis*, 2 Gray, 497.

*F. H. Dewey*, for the respondents.